# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER REDDISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-241 |
| | ) | |
| THE CRAB SHACK; | ) | |
| JACK FLANIGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Christopher Reddish filed this employment discrimination case against the Crab Shack and Jack Flanigan. Doc. 1 at 1. He also moves for leave to file his case *in forma pauperis* (IFP). Doc. 2. He represents that he has no assets and is unemployed. Doc. 1 at 1-2. As he is indigent, the Court **GRANTS** his IFP motion, but in screening his complaint under 28 U.S.C. § 1915(e)(2)(B),[1] it concludes that the case must be dismissed.

---

[1] If a plaintiff proceeds "*in forma pauperis*, a district court is required to *sua sponte* determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Alba v. Montford*, 517 F.3d 1249, 1251-52, n. 3 (11th Cir.), *cert. denied*, 129 S. Ct. 632 (2008)." *Walker v. Sun Trust Bank Of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010).

## I. BACKGROUND

Using a form Title VII complaint and alleging a "race and disabilities" violation of some sort, Reddish says he applied for what appears to be a seafood restaurant job.[2] Doc. 1 at 2. His words (in raw, unedited form):

> I went to a job interview at the being of the interview Bill who is a 35 year retired cop who has no employment at the Crab Shack that the interview I'm about to go under said that the interview may and will feel racist. Also ask about my worker comp claim on how much money did I receive.[3]

Doc. 1 at 2-3 (footnote added).

He received an EEOC right to sue letter, and disagrees with its no-cause finding (again, in raw, unedited form):

> because they never talk to Bill who interview me. Also that the statement he made "the job interview I'm going under may and will feel racist." W[hich] to me he is saying the job interview is raceist. He did not say, it may not. He said "may will feel raceist." Bill is also a 35 year retired cop.

---

2  The Court has located this seafood establishment by that name: http://thecrabshack.com/index.php (site last visited November 20, 2014).

3  It is unclear what Reddish is complaining about here. "The great majority of jurisdictions have by judicial decision, statute, or both, recognized the tort of retaliatory *discharge* for filing a workers' compensation claim." 50 AM. JUR. PROOF OF FACTS 2D 187 (*Discharge From Employment in Retaliation for Filing Workers' Compensation Claim*) (Sept. 2014) (emphasis added). Reddish says he was *applying* for a job, not being discharged from one.

*Id.* at 3.

Responding to the form complaint's section titled "[a]ny other information you desire to disclose which supports your claim of discriminatory employment practices," *id.* at 3, Reddish wrote: "Also my workers comp, I was told by a lawyer no employer shouldn't about a claim watch was filed also shouldn't ask about a settlement." *Id.* at 3; *see also id.* at 7-8 (he substantively repeats this); *supra* n. 3.

## II. ANALYSIS

"Title VII makes it unlawful for an employer to 'fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color. . . .' 42 U.S.C. § 2000e–2(a)(1).[4] The plaintiff bears the burden of proving that

---

[4] In order to be subject to liability pursuant to Title VII, an "employer" must have at least fifteen "employees" "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See* 42 U.S.C. § 2000e(b). For the purposes of this ruling only, the Court will assume that defendant Crab Shack is an "employer."

Title VII permits suits against a plaintiff's *employer*, not against supervisors in their individual capacity. *Bryant v. Dougherty County Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010); *Fulst v. Thompson*, 2009 WL 4153222 at * 3-4 (S.D. Ohio Nov. 20, 2009) ("Supervisory employees are not typically proper defendants under Title VII because they do not fall within the definition of 'employer.'"). Accordingly,

3

the employer discriminated against him unlawfully. *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000)." *Maddox-Jones v. Board of Regents of University System of Georgia*, 448 F. App'x 17, 19 (11th Cir. 2011) (footnote added). He thus must plead that: (1) he was a member of a protected class who (2) applied for and was qualified for an available position but (3) was rejected and (4) the defendant filled the position with a similar or less qualified person from outside of his protected class. *Beal v. CSX Corp.*, 308 F. App'x 324, 326 (11th Cir. 2009); *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010).

Meanwhile,

> [t]he Court fully recognizes its duty to "liberally construe *pro se* pleadings." *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (citations omitted). However, "a *pro se* party must 'follow the rules of procedure and evidence, and the district court has no duty to act as [a pro se party's] lawyer.' " *Id.* at 610 (citing *United States v. Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011)); *see also Porter v. Duval Cnty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir. 2010). Likewise, a district court may not "rewrite a deficient pleading in order to sustain an action." *Porter*, 406 F. App'x at 462.

*Hopkins v. JP Morgan Chase Bank, N.A.*, 2014 WL 3747314 at *4 (M.D. Fla. July 29, 2014).

---

plaintiff's claims against Jack Flanigan -- otherwise alleged to *not* even be employed by the Crab Shack, doc. 1 at 2-3, must be dismissed on these grounds alone.

Furthermore, Reddish must plead more than threadbare factual recitals, legal conclusions, or the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Sablan v. A.B. Won Pat Int'l Airport Auth.*, 2010 WL 5148202 at * 3-4 (D. Guam Dec. 9, 2010). He must allege sufficient facts that, if accepted as true, state a claim to relief that is plausible on its *face*. The Court must be able "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, which here means violating Title VII. Determining whether the complaint is "facially plausible" is "a context-specific task" that requires this Court to draw on its judicial experience and common sense. *Id.* at 679. Where a plaintiff pleads no more than the *mere possibility* of misconduct, his complaint must be dismissed because he has alleged -- but not shown -- that he is entitled to relief. *Id.*; *see Bacon v. Georgia Ports Auth.*, 2010 WL 5538515 * 1 (S.D. Ga. Dec. 17, 2010) (applying *Iqbal* in dismissing employment discrimination case at the pleading stage).[5]

---

[5] "These general pleading standards are equally applicable to employment discrimination cases." *Adams v. Lafayette College*, 2009 WL 2777312 at * 3 (E.D. Pa. Aug. 31, 2009) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3rd Cir. 2009)); *Toomer v. Savannah Rose of Sharon, LLC*, 2012 WL 952755 at * 2 (S.D. Ga. Mar. 20,

Reddish, who fails to state what his race or disability is, does not allege that he was qualified for the job he sought, much less that a non-minority or able-bodied recipient to whom it was awarded was "less qualified." He also has failed to state what the job's requirements were, how he met them, and how a preferred recipient was (a) similarly situated, yet (b) met or fell beneath his qualification level.[6] *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1274-75 (11th Cir. 2002) (requiring plaintiff show that "she applied for and was qualified for an available position" to establish adverse employment action in failure-to-hire context).

Plaintiff's case therefore is dead on arrival. *Cf. Williams v. Temple University Hosp., Dist. Council 1199C*, 400 F. App'x 650, 652 (11th Cir. 2010) (employment disability discrimination case dismissed for failing to

---

2012) (applying *Iqbal* in dismissing employment discrimination case at the pleading stage). Thus, the Court accepts as true Reddish's factual allegations but not his legal conclusions. *Iqbal*, 556 U.S. at 680. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

6   "'When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race.' *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1273 (11th Cir. 2004)." *McCray v. Wal-Mart Stores, Inc.*, 377 F. App'x 921, 924 (11th Cir. 2010); *see also Darbouze v. Toumpas*, 2011 WL 6300702 at *11 (D.N.H. Dec. 16, 2011) (examining prima facie case pleading requirements on comparator component).

plead material element of claim, as it did not plausibly identify an impairment, allege a limitation, or otherwise indicate how plaintiff might be substantially limited in a major life activity, but merely stated that she was injured at work and was later "sent back to work" on "full duty status."); *Toomer*, 2012 WL 952755 at *3.

## III. CONCLUSION

Accordingly, the Court **GRANTS** plaintiff Christopher Reddish's IFP motion, doc. 2, but his case should be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("district court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Bacon*, 2010 WL 5538515 at * 2.

**SO REPORTED AND RECOMMENDED** this 20TH day of November, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA